UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ZHANGYI ZHONG, et al.,<br><br>    Defendants. | Case No. 17-cv-03259-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS TO SHORTEN TIME**<br><br>Docket No. 19, 23, 25 |

Plaintiff Meta Company has filed suit against Defendants Dreamworld USA Inc. and Zhangyi Zhong, asserting claims for, *inter alia*, trade secret misappropriation. On June 17, 2017 (a Saturday), Meta filed a motion for a protective order and a motion for expedited discovery. Both motions are currently set for hearing on August 3, 2017, but Meta has asked that they be heard on shortened time. More specifically, Meta asks that the motions be heard on June 29, 2017, with the opposition and reply briefs to be filed on June 21 and 23, 2017, respectively. This order addresses only the motions to shorten time.

The motions to shorten time are hereby **DENIED** without prejudice.

First, it is not clear that Meta served, or otherwise tried to notify Defendants about, the motions to shorten time (or, for that matter, the underlying motions).

Second, the fact that Defendants do not appear to have retained counsel yet is not an excuse. Meta could have reached out to Mr. Zhong as an individual or to a representative of Dreamworld (such as its general counsel). *See* Civ. L.R. 6-3(a)(1) (providing that a motion to shorten time must describe the efforts made by the moving party to obtain a stipulation to the time change).

While the Court thus denies the motions to shorten time, it does so without prejudice so

that Meta may renew the motions once proper notice and meet-and-confer requirements are met. Meta should reach out to Defendants and meet and confer with them regarding *both* the requests for shortened time *and* the underlying motions themselves.  The Court expects that a good faith meet and confer will obviate or least narrow the disputes.

For the motion for a protective order, the Court advises that, if an agreement cannot be reached, then the parties should identify what specific terms remain in dispute and provide redlined versions of their respective proposed protective orders (comparing their versions to the model protective order approved by this Court).

For the motion for expedited discovery, the Court advises that the parties discuss *specific* discovery requests and not just general descriptions of the discovery sought.

This order disposes of Docket Nos. 19, 23, and 25.

**IT IS SO ORDERED**.

Dated: June 19, 2017

_____
EDWARD M. CHEN
United States District Judge